## HUTCHINSON v. SPARKS.

The wrongful withholding of notes or other evidences of debt, cannot subject the party to greater damages than would result from retaining a sum of money equal to their amount, which cannot exceed the interest. C. C. 1928, 1929. Proof that the creditor could have used the evidences of debt or notes to greater profit, cannot authorize any other damages than the amount of interest.

APPEAL from the District Court of St. Mary, *Voorhies*, J.    *Maskell*, for the plaintiff.    *Splane* and *Lea*, for the appellant.    The judgment of the court was pronounced by

SLIDELL, J.    A contract of partnership was made between the plaintiff and defendant, the terms of which are embodied in the following instrument:

"March 14th, 1846.    *S. E. Hutchinson* received of *Daniel P. Sparks* $1500, to be invested as joint stock for the purchase of corn and other produce.    The said *Hutchinson* is to buy and sell the same to the best possible advantage, for which, as collateral security, said *Hutchinson* leaves in possession of *D. Sparks* two notes of $833 each, drawn by *Robert Stuart*, endorsed by *Henry Gibbon* and *John Martin*, for which said notes are secured by mortgage.    All nett profits derived from the proceeds of the $1500, after the necessary expenses, are to be equally divided between said *D. Sparks* and *Hutchinson*; also, said *Sparks* having bought a load of corn for his plantation, said *Hutchinson* is to deliver to his, said *Sparks*', plantation on the bayou Teche, for which said *Sparks* is to pay the expenses of the boat.    S. E. HUTCHINSON."

Under this contract the affairs of the partnership were conducted by *Hutchinson*, and, a disagreement having arisen, the parties referred their accounts and claims to a third person, who was requested to make a settlement for them. This referee was the principal witness in the cause.    The result of his examination of the accounts of the parties was, that, after ascertaining the profits of the partnership and adjusting the other matters of debit and credit between

them, a sum of about $400 was due to the defendant, and that the plaintiff was entitled to the return of the notes given in pledge. Acting upon this evidence the jury found that the defendant should deliver to the plaintiff the notes sued for, and that the plaintiff should pay the defendant $433 89.

HUTCHINSON
*v.*
SPARKS.

Although the case has been loosely presented, arising probably in some degree from the informal manner in which the accounts of the partnership were kept, we do not feel at liberty to disturb the verdict of the jury in this respect, as it is not manifestly erroneous, and rests mainly upon the evidence of a witness who enjoyed the confidence of the parties themselves.

There is, however, a portion of the verdict which we cannot affirm. They allowed the plaintiff the sum of $1,000 as damages for the detention of the pledged notes, besides awarding their return to the plaintiff. The ground upon which this claim for damages was made was, that if the plaintiff had obtained the notes when he demanded them, after the report of the referee, he would have been able to raise money upon them, and could have employed it profitably. To sustain these allegations witnesses were called to prove that, at the time, favorable opportunities were presented for speculation in corn, and that the plaintiff would have been able, with a sum of $1,000, which he could have raised upon the notes, to realize profits to the amount of $1,000. Damages thus remote and conjectural, are inadmissible.

Withholding from the defendant the evidences of debt upon which he desired to raise money should not induce a more rigorous measure of damages than withholding a like sum of money; and in such case the measure of damages would be interest. See Civil Code, arts. 1928, 1929. Pothier, Oblig. part 1, ch. 2, art. 3. Under the circumstances, we do not think any damages should be allowed. There is nothing to indicate bad faith on the part of the defendant; nor does it appear from the evidence that he has been put in default.

It is, therefore, decreed that, so much only of the judgment of the court below as adjudges the recovery of $1,000 damages, be reversed; and that, in all other respects, the judgment of the court below be affirmed, the plaintiff paying the costs of this appeal.